IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, Individually and as Natural Guardians of Child Victim A, *et al.*, | : : : : | Case No. 1:19-cv-00785 Judge Timothy S. Black |
| Plaintiffs, | : : | |
| -vs- | : : : | PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY |
| SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT, *et al.*, | : : : | |
| Defendants. | : | |

On September 13, 2019, Plaintiffs filed a Class Action Complaint with Jury Demand. The Complaint identified Plaintiffs pseudonymously as John and/or Jane Doe Nos. 1 through 12. Plaintiffs are parents and natural guardians of young children that suffered sexual abuse by Defendant John Austin Hopkins. Given the extremely intimate nature of the claims and tender age of the children, public policy weighs heavily in favor of allowing the Plaintiffs to proceed pseudonymously. For the reasons stated in the memorandum in support below, Plaintiffs request that this motion be granted.

## MEMORANDUM IN SUPPORT

Plaintiffs are the parents and natural guardians of female first-grade students that attended Clearcreek Elementary, a Springboro Community City School District K-1 school, during the 2018-2019 school year. Each of these children are the victims of child sexual abuse perpetrated by Defendant John Austin Hopkins.

Generally, a complaint must state the names of the parties. Fed. R. Civ. Pro. 10(a). However, the Sixth Circuit has allowed Plaintiffs to proceed under pseudonyms under

certain circumstances.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  The Sixth Court has identified the following factors for the Court to consider when determining whether an exception to identifying each plaintiff is justified:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) whether the plaintiffs are children.

*D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016).

The Sixth Circuit has also stated that "[i]t is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case."  *Porter*, 370 F.3d at 561.

Factors (1), (2), and (4) weigh in favor of allowing the Plaintiffs to proceed pseudonymously.  Plaintiffs are suing to challenge governmental activity.  But, more importantly, the claims involve extremely intimate information regarding the sexual abuse suffered by children and medical information concerning the damages that the children have and continue to suffer.  The children at issue are all seven or eight years old.  And, the law grants heightened protection to very young children.  *Id.*

Further, Plaintiffs have disclosed their names to Defendant Springboro Community City School District and remain willing to disclose their names to the remaining Defendants after the Court has an opportunity to enter an appropriate protective order.  Therefore, there is no prejudice to Defendants by allowing Plaintiffs to proceed pseudonymously.

For the reasons stated above, Plaintiffs respectfully request that this motion be granted.

2

Respectfully submitted,

*/s/ Angela L. Wallace*
Angela L. Wallace (#0080771)
David S. Blessing (#0078509)
William H. Blessing (#0006848)
Blessing & Wallace Law, LLC
119 East Court Street, Suite 500
Cincinnati, OH 45202
Telephone: (513) 621-9191
Fax: (513) 621-7086
Email: angie@blessing-attorneys.com
david@blessing-attorneys.com
bill@blessing-attorneys.com