**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, *et al.*, | : | Case No. 1:19-cv-785 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT, *et al.*, | : | |
| Defendants. | : | |

**ORDER RESOLVING THE PARTIES'
PENDING MOTIONS (Docs. 3, 12, 13)**

This civil action is before the Court on three motions: a motion for leave to proceed pseudonymously (Doc. 3); a motion to partially dismiss the first amended complaint (the "Motion to Dismiss") (Doc. 12); and a motion for leave to amend the first amended complaint (the "Motion to Amend") (Doc. 13).

### I.  BACKGROUND

Plaintiffs, the parents/guardians of 22 different first-grade students, have filed suit against Defendants John Hopkins, Carrie Corder, and Daniel Schroer (the "individual Defendants").  (Doc. 4 at ¶¶ 1, 3–5).  Plaintiffs have also filed suit against Defendant Springboro Community City School District ("Springboro").  (*Id.* at ¶ 2).  Defendant Hopkins was a physical education teacher at Clearcreek Elementary during the 2018–2019 school year.  (*Id.* at ¶ 7).  Defendant Corder was the principal of Clearcreek Elementary during the 2018–2019 school year.  (*Id.* at ¶ 4).  And Defendant Schroer was the superintendent of Springboro during the 2018–2019 school year.  (*Id.* at ¶ 3).

In their first amended complaint, Plaintiffs allege that, during the 2018–2019 school year, Defendant Hopkins sexually abused numerous first-grade students.[1,2] (*Id.* at ¶¶ 1, 9–14). Plaintiffs also allege that, by allowing Defendant Hopkins's conduct to persist, the other Defendants failed to afford those first-grade students a safe educational environment. (*Id.* at ¶¶ 9, 25–55). Plaintiffs assert a/an: (I) Title IX claim; (II) § 1983 claim; (III) "reckless supervision/failure to monitor, discover, and report" claim; (IV) assault and battery claim; (V) IIED claim; and (VI) injunctive relief claim. (*Id.* at ¶¶ 25–69). Plaintiffs seek, *inter alia*, compensatory and punitive damages. (*Id.* at 15).

After Plaintiffs filed suit against Defendants, the parties submitted the three motions now before the Court. (Docs. 3, 12, 13). On September 16, 2019, Plaintiffs filed the motion for leave to proceed pseudonymously. (Doc. 3). On October 14, 2019, Defendants Springboro, Corder, and Schroer (the "Moving Defendants") filed the Motion to Dismiss. (Doc. 12). And, on November 4, 2019, Plaintiffs filed the Motion to Amend. (Doc. 13). Plaintiffs filed a response in opposition to the Motion to Dismiss on November 4, 2019. (Doc. 14). However, no other responsive memoranda were submitted.

After the motion for leave to proceed pseudonymously was filed, but before either the Motions to Dismiss or Amend were filed, Defendant Hopkins submitted a motion to

---

[1] In all, Plaintiffs allege that Defendant Hopkins subjected 88 different first-grade students to inappropriate sexual contact. (Doc. 4 at ¶ 14). Plaintiffs seek to represent all such first-grade students by way of a Fed. R. Civ. P. 23 class action. (*Id.* at ¶¶ 18–24).

[2] Plaintiffs also allege that Defendant Hopkins engaged in misconduct during the 2017–2018 school year, while he worked at Clearcreek Elementary as a substitute teacher. (Doc. 4 at ¶ 13).

2

stay certain proceedings in this case, pending the resolution of a related criminal matter (19CR035620).[3] (Doc. 11). On April 8, 2020, the Court confirmed with the parties, via email, that the jury trial in the related criminal matter had concluded, and that the motion to stay pending in this case was now moot. (Not. Order, Apr. 13, 2020). Thereafter, the Court issued a Notation Order terminating the motion to stay. (*Id.*) With the motion to stay resolved, the Court turns to the pending motions.

## II.  ANALYSIS

### A.  Motion for Leave to Proceed Pseudonymously

First, the Court will address the motion for leave to proceed pseudonymously. (Doc. 3). In the motion, Plaintiffs ask the Court for leave to sue Defendants under fictitious names (*i.e.*, as "John Does" and/or "Jane Does"). (*Id.* at 1). Plaintiffs argue that it is appropriate for them to sue Defendants under fictitious names given the intimate nature of the claims and tender age of the children involved in this case. (*Id.*) Defendants have not filed a response in opposition to the motion.

On review, the motion for leave to proceed pseudonymously should be granted.

As a general matter, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). In certain circumstances, however, courts may excuse plaintiffs from identifying themselves. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The basic consideration for determining whether a plaintiff should be allowed to proceed pseudonymously is "whether a plaintiff's privacy interests substantially outweigh the

---

[3] As explained in the first amended complaint, on June 17, 2019, an Ohio grand jury indicted Defendant Hopkins on 36 counts of gross sexual imposition. (Doc. 4 at ¶ 15).

presumption of open judicial proceedings." *Id.* The Court of Appeals for the Sixth Circuit has identified several factors for courts to consider in this analysis:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Here, the balance of the factors identified in *Porter* weigh in favor of Plaintiffs' position. *Id.* In this case, challenging governmental activity (factor (1)), Plaintiffs allege that Defendant Hopkins sexually abused numerous first-grade students, and that the other Defendants failed to afford those first-grade students a safe educational environment. (Doc. 4 at ¶¶ 1, 9–14, 25–55). Plainly, Plaintiffs will be required to disclose information of the utmost intimacy in order to prosecute this case (factor (2)). And plainly, the privacy of each of the seven- to eight-year-old children Plaintiffs represent is at-issue (factor (4)). Thus, while this case will not require Plaintiffs to disclose any intention to violate the law (factor (3)), there is no question that Plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings. *Accord Porter*, 370 F.3d at 561 (confirming that children are entitled to heightened protection under the *Porter* analysis). Accordingly, it is proper for Plaintiffs to proceed pseudonymously.[4]

---

[4] The Court further notes that "Plaintiffs have disclosed their names to Defendant Springboro . . . and [are] willing to disclose their names to the remaining Defendants after the Court has an opportunity to enter an appropriate protective order." (Doc. 3 at 2). Thus, allowing Plaintiffs to proceed pseudonymously will not cause Defendants any discernable prejudice.

4

For the foregoing reasons, the Court **GRANTS** the motion for leave to proceed pseudonymously. (Doc. 3). Within 21 days of the date of this Order, the parties shall confer by telephone, and submit a stipulated protective order to the Court, which addresses Plaintiffs' confidentiality concerns.[5] If the parties cannot agree on the terms of a stipulated protective order, they shall so inform the Court by the same deadline.

**B. Motion to Amend**

Second, the Court will address the Motion to Amend. (Doc. 13). In the motion, Plaintiffs argue that the Court should grant them leave to file a second amended complaint, which: (a) clarifies that Plaintiffs have sued the Springboro Board of Education (rather than the Springboro School District); (b) clarifies that Plaintiffs have asserted Count I against the individual Defendants in their official capacities only; (c) clarifies that Plaintiffs have asserted Count II against the individual Defendants in their official and personal capacities; and (d) names two additional Plaintiffs. (*Id.* at 2; Doc. 13-1 at ¶¶ 1–2, 26, 39). Defendants have not filed a response in opposition to the motion.

On review, the Motion to Amend should be granted.

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks*

---

[5] *See, e.g., John Does 1-4 v. Snyder*, No. 2:12-CV-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012) (ordering the parties to submit a stipulated protective order after granting the plaintiffs leave to proceed under pseudonyms); *Doe I-VIII v. Sturdivant*, No. 2:06-CV-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006) (same); *see also Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) ("Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym.").

5

*v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).  Rule 15(a) embodies a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).  In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ."  *Coe*, 161 F.3d at 341 (quoting *Brooks*, 39 F.3d at 130).  In the absence of any of these findings, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is no indication that Plaintiffs have acted with bad faith, undue delay, or dilatory motive.  *See Coe*, 161 F.3d at 341.  Nor does it appear to the Court that Plaintiffs' proposed amendments are obviously futile.  (*See generally* Doc. 13-1); *cf. Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015) ("At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." (emphasis added)); *see also Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2016 WL 10570260, at *3 (S.D. Ohio Nov. 21, 2016) (same).  Additionally, as this case is still in the early stages of the litigation process, and as Defendants have not filed a response in opposition to the Motion to Amend, the Court finds it difficult to identify any prejudice at all.  Under such circumstances, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

For the foregoing reasons, the Court **GRANTS** the Motion to Amend. (Doc. 13). Within 21 days of the date of this Order, Plaintiffs shall file a second amended complaint with the Court. The second amended complaint shall take the form of the proposed second amended complaint, which is attached as Exhibit A to the Motion to Amend. (Doc. 13-1).

### C. Motion to Dismiss

Finally, the Court will address the Motion to Dismiss. (Doc. 12). As the Court has granted Plaintiffs leave to file a second amended complaint, the Court concludes that the Moving Defendants' Motion to Dismiss the first amended complaint should be **DENIED without prejudice**. *See Mandali v. Clark*, No. 2:13-CV-1210, 2014 WL 5089423, at *1 (S.D. Ohio Oct. 9, 2014) (stating that the filing of an amended complaint generally moots a motion to dismiss the previous complaint); *see also Rainey v. Patton*, No. 1:11-CV-327, 2011 WL 5239241, at *2 (S.D. Ohio Sept. 26, 2011) (confirming that, "even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially [where, as here, the defendants] do[] not object to the filing of the amended complaint" (citation omitted and emphasis added)), *report and recommendation adopted*, No. 1:11-CV-327, 2011 WL 5239237 (S.D. Ohio Nov. 1, 2011); *see, e.g.*, *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 1:09-CV-799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) (denying a defendant's motion to dismiss a plaintiff's original complaint after granting the plaintiff

7

leave to file an amended complaint), *report and recommendation adopted*, No. 1:09-CV-799, 2010 WL 1907586 (S.D. Ohio May 12, 2010).[6]

### III.  CONCLUSION

Based upon the foregoing, the motion for leave to proceed pseudonymously (Doc. 3) is **GRANTED**, the Motion to Amend (Doc. 13) is **GRANTED**, and the Motion to Dismiss (Doc. 12) is **DENIED without prejudice**.  Within 21 days of the date of this Order, the parties shall comply with the procedures set forth in Sections II.A and II.B *supra*, regarding the submission of a stipulated protective order and the filing of a second amended complaint.  Thereafter, Defendants shall respond to the second amended complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date:  6/8/2020

Timothy S. Black
United States District Judge

---

[6] The Moving Defendants may, if/as they choose, reassert the arguments set forth in their Motion to Dismiss in a new dispositive motion directed at Plaintiffs' second amended complaint. *But n.b. Troutman v. Louisville Metro Dep't of Corr.*, No. 3:16-CV-742, 2018 WL 6413201, at *3 (W.D. Ky. Dec. 6, 2018) (citing *Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 623–36 (6th Cir. 2012)); *Burwell v. City of Lansing*, No. 1:17-CV-813, 2018 WL 10304424, at *3 (W.D. Mich. Sept. 20, 2018) (citing *Baar*, 476 F. App'x at 635).