**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN AND JANE DOES NO. 1, Individually and as Natural Guardians of Child Victim A, et al.,** | : : | Case No. 1:19-CV-00785 |
| Plaintiffs, | : : | Judge Timothy S. Black |
| vs. | : | **AGREED PROTECTIVE ORDER** |
| **SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT, et al.,** | : : | |
| Defendants. | | |

1. Definitions:

    a. "Confidential Information" includes the following:

        i. All personally identifiable information of a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g, its implementing regulations, 34 C.F.R. Part 99, O.R.C. 3319.321, or privacy law (see, e.g., Bloch v. Ribar, 156 F.3d 673 (6th Cir. 1998)).

        ii. The names of all individuals represented by Blessing & Wallace Law, LLC in the above-captioned matter (collectively "Plaintiffs").

        iii. All information which is not a public record under O.R.C. 149.43(A). Medical records under O.R.C. 149.43 (A)(1)(a) shall include those records which related to any visit with any hospital, physician, psychologist, therapist, social worker, agency or other health care provider or counselor.

        iv. All documents and communications that disclose any personal or identifying information (including name(s), address(es), social security number(s), phone number(s) or other similar identifying information) of Plaintiffs or Defendants.

        v. All other documents or communications marked "Confidential", to the extent that the designating party has made a good faith determination that such documents or communications contain information that should be protected from disclosure. Any non-designating party disagreeing with a "Confidential" designation shall present such objection to the designating

        party, and the parties shall have an obligation to attempt in good faith to resolve the objection by agreement.

    b. "Confidential Document" refers to a document that is marked as "Confidential" by the producing party or that contains any of the above kinds of information defined as "Confidential Information."

    c. "Disclosure" or "disclose" means divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information.

2. <u>Use of Confidential Information</u>: Subject to paragraph 3 below, Confidential Information shall be utilized only for a reasonable purpose in connection with this litigation; however, nothing in this Protective Order shall prevent a party from using or disclosing its own Confidential Information as it deems appropriate.

3. <u>Disclosure of Confidential Information</u>: Unless otherwise agreed, Confidential Information shall be retained solely in the custody of the undersigned counsel and such counsel's support staff, and shall not be placed in the possession of or disclosed to any other person, except that Confidential Information may be disclosed under the following circumstances:

    a. to the parties to the above-captioned lawsuit, only on the basis and to the extent necessary for each party to reasonably participate in this litigation;

    b. to agents, employees, and representatives of Defendants' insurers;

    c. to a party's personal counsel and outside consultants or experts, including a mediator(s), who is/are being consulted in connection with this lawsuit;

    d. as otherwise agreed upon jointly by each of the undersigned in writing;

    e. pursuant to an Order of this Court; and

    f. to an appropriate Probate Court for the purpose of obtaining probate court approval of a minor settlement.

Prior to the disclosure of Confidential Information to any individual, entity, or representative, described in Paragraphs (a) through (d) above, each individual, entity, or representative shall execute the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to be Bound, except that one representative of Defendants' insurers may sign on behalf of each such entity.

4. <u>Perpetual Obligation</u>: The obligation to maintain confidentiality, as described herein, shall remain in force at all times, subject to paragraph 3 above.

5. <u>Inadvertent/Accidental Disclosure</u>: Inadvertent or accidental disclosure of Confidential Information without its designation as Confidential does not waive the confidence otherwise attaching to the Confidential Information. Any information or documents produced or disclosed without a "Confidential" designation may be subsequently designated by the producing party as such within ten (10) days of the producing party's knowledge that such material was subject to this Protective Order and was entitled to, but inadvertently produced without, the "Confidential" designation.

6. This Protective Order shall not prevent any of the parties from applying to the Court for further or additional Protective Orders, from agreeing in writing to modification of this Protective Order, or applying to the Court for relief from this Protective Order.

Date: June 26, 2020

AGREED TO BY:

<u>/s/ Angela L. Wallace per email auth. 6/25/20</u>
Angela L. Wallace (0080771)
Davis S. Blessing (0078509)
William H. Blessing (0006848)
Blessing & Wallace Law, LLC
119 East Court Street, Suite 500
Cincinnati, OH 45202
(513) 621-9191; (513) 621-7086 (fax)
angie@blessingwallacelaw.com
david@blessingwallacelaw.com
bill@blessingwallacelaw.com
*Attorney for Plaintiffs*


<u>/s/ David A. Chicarelli per email auth. 6/26/20</u>
David A. Chicarelli (0017434)
614 E. Second Street
Franklin, Ohio 45005
(937) 743-1500
info@daclawpractice.com
*Attorney for Defendant
John Austin Hopkins*

<u>/s/ Sandra R. McIntosh</u>
Sandra R. McIntosh (0077278)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, Ohio 43215
(614) 827-7300; (614) 827-7303 (fax)
smcintosh@ffalaw.com

Kelly M. Schroeder (0080637)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
(937) 222-2424; (937) 222-5369 (fax)
kschroeder@ffalaw.com
*Counsel for Defendants Springboro
Community City School District,
Daniel Schroer and Carrie Corder*

= and =

C. Bronston McCord, III (0067787)
Ennis Britton Co., LPA
1714 West Galbraith Road
Cincinnati, Ohio 45239
(513) 421-2540; (513) 562-4986 (fax)
cbmccord@ennisbritton.com
*Co-counsel for Defendant Springboro
Community City School District*

**IT IS SO ORDERED.**

Date:   7/17/2020                                               *s/Timothy S. Black*
                                                                             Timothy S. Black
                                                                             United States District Judge

- 5 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN AND JANE DOES NO. 1, Individually and as Natural Guardians of Child Victim A, et al.,** | : | **Case No. 1:19-CV-00785** |
| | : | **Judge Timothy S. Black** |
| Plaintiffs, | : | |
| vs. | : | |
| **SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT, et al.,** | : | **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |
| | : | |
| Defendants. | | |

    I, _____, have read the Agreed Protective Order ("Protective Order") and agree to be bound by its terms with respect to any information, material, or documents defined as "Confidential Information" furnished to be as set forth in the Protective Order.

    I further agree not to disclose to anyone any Confidential Information other than as set forth in the Protective Order.

    I further agree that any Confidential Information furnished to me will be used only for the purposes permitted by the Protective Order and for no other purpose, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

    I further agree to destroy or to return any and all Confidential Information, together with all copies I may have made thereof, to the attorney(s) that furnished me with such information, material, or documents (a) at the conclusion of my engagement in connection with this matter; or (b) at the request of the attorney(s) who furnished me with such Confidential Information.

_____              _____
Date                                                                           Signature