# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN AND JANE DOE NO. 1, *et al.*, : Case No. 1:19-cv-785
:
    Plaintiffs, : Judge Timothy S. Black
:
vs. :
:
SPRINGBORO COMMUNITY CITY :
SCHOOL DISTRICT BOARD OF :
EDUCATION, *et al.*, :
:
    Defendants. :

## ORDER GRANTING IN PART AND DENYING IN PART THE MOVING DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. 18)

This case is before the Court on the Moving Defendants' motion to partially dismiss Plaintiffs' Second Amended Complaint (the "Partial Motion to Dismiss").[1] (Doc. 18). Also before the Court are the parties' responsive memoranda. (Docs. 21, 22).

## I. BACKGROUND

For purposes of the Partial Motion to Dismiss, the Court must: (1) view the Second Amended Complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations in the Second Amended Complaint as true. (Doc. 16); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiffs, the parents/guardians of 31 different Clearcreek Elementary students, have filed suit against Defendants John Hopkins, Carrie Corder, Daniel Schroer, and

---

[1] The "Moving Defendants" refers to Defendants Daniel Schroer, Carrie Corder, and Springboro Community City School District Board of Education, collectively. (*See generally* Doc. 18).

Springboro Community City School District Board of Education ("Springboro" or the "Springboro Board of Education"). (Doc. 16 at ¶¶ 1–5).

Mr. Hopkins was a physical education teacher at Clearcreek Elementary during the 2018–2019 school year. (*Id.* at ¶ 7). Ms. Corder was the principal of Clearcreek Elementary during the 2018–2019 school year. (*Id.* at ¶ 4). Mr. Schroer was the superintendent of Springboro during the 2018–2019 school year. (*Id.* at ¶ 3). The Springboro Board of Education is the body politic of the school district in which Clearcreek Elementary resides. (*Id.* at ¶ 2).

Plaintiffs allege that during the 2018–2019 school year, Mr. Hopkins sexually abused numerous first-grade students in the Clearcreek Elementary gymnasium.[2] (*Id.* at ¶¶ 1, 9–14). And Plaintiffs allege that, despite actual/constructive knowledge of Mr. Hopkins's conduct, the remaining Defendants did not take appropriate steps to stop him. (*Id.* at ¶¶ 9, 25–55).

Plaintiffs' Second Amended Complaint asserts six Counts against Defendants: (I) a Title IX claim against Springboro, Mr. Schroer, Ms. Corder, and Mr. Hopkins *in their official capacities*; (II) a § 1983 claim against Springboro, Mr. Schroer, Ms. Corder, and Mr. Hopkins *in their official and individual capacities*; (III) a "reckless supervision/ failure to monitor, discover, and report" claim against Ms. Corder; (IV) an assault and battery claim against Mr. Hopkins; (V) an intentional infliction of emotional distress

---

[2] In all, Plaintiffs allege that Mr. Hopkins subjected 88 different first-grade students to inappropriate sexual contact. (Doc. 16 at ¶ 14). Plaintiffs seek to represent all such first-grade students by way of a Rule 23 class action. (*Id.* at ¶¶ 18–24); Fed. R. Civ. P. 23(a)–(b).

2

claim against Mr. Hopkins; and (VI) an injunctive relief claim against Springboro. (*Id.* at ¶¶ 25–69).

As to relief, Plaintiff seek, *inter alia*, an award of compensatory damages, an award of punitive damages, and various injunctive remedies. (*Id.* at 17). Plaintiffs do not specify against which Defendants they seek punitive damages. (*Id.*)

On July 10, 2020, the Moving Defendants filed the Partial Motion to Dismiss now before the Court. (Doc. 18). This Order follows.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

3

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

In the Partial Motion to Dismiss, the Moving Defendants raise two arguments in support of partial dismissal. (Doc. 18). The Court addresses each argument *infra*.

**A. Official capacity claims**

First, the Moving Defendants argue that "Plaintiffs' § 1983 and Title IX claims against Mr. Schroer and Ms. Corder in their official capacities should be dismissed because they are redundant and duplicative of Plaintiffs' [§ 1983 and Title IX claims] claims against Springboro." (*Id.* at 5). On review, the Moving Defendants' argument is unavailing.

The Moving Defendants are correct in noting that, when a complaint asserts **both** a claim against a public employee in his official capacity **and** a claim against the public entity that employs him, the official capacity claim is, in a technical sense of the term,

4

"redundant." *See Castleberry v. Cuyahoga Cty.*, No. 1:20-CV-218, 2020 WL 3261097, at *2 (N.D. Ohio June 16, 2020); *Kunkle v. Strickland*, No. 1:09-CV-1760, 2009 WL 10714757, at *5 (N.D. Ohio Dec. 10, 2009). This is because a claim against a public employee "in his official capacity is the equivalent of a [claim] against the [public] entity" that employs him. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)); *accord Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (confirming that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

**However,** the Sixth Circuit has never required the courts in this Circuit to dismiss official capacity claims on the basis of redundancy. *See Baker v. Cty. of Macomb*, No. 2:13-CV-13279, 2015 WL 5679838, at *9 (E.D. Mich. Sept. 28, 2015). And numerous courts in this district have found redundancy—alone—to be an insufficient cause for dismissal. *See, e.g.*, *McConnell v. Butler Cty., Ohio*, No. 1:13-CV-210, 2014 WL 4794401, at *1–2 (S.D. Ohio Sept. 25, 2014) (refusing to dismiss official capacity claims on the basis of redundancy alone); *Range v. Douglas*, 878 F. Supp. 2d 869, 876 (S.D. Ohio 2012) (same); *Porter v. City of Columbus*, No. 2:06-CV-1055, 2008 WL 202891, at *6 (S.D. Ohio Jan. 22, 2008) (same); *accord Capresecco v. Jenkintown Borough*, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003) (finding that redundancy alone "is not a persuasive basis for [the] dismissal" of official capacity claims).

After all, as "master of the complaint, the plaintiff may decide what claims to bring and how to [allege] them." *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, 833 F.3d 680, 688 (6th Cir. 2016); *Williams v. E. I. du Pont de Nemours &*

5

*Co., Inc.*, No. 2:15-CV-2111, 2016 WL 7192173, at *2 (W.D. Tenn. Dec. 12, 2016). And the simple fact that some of the plaintiff's claims are **redundant** does not mean that their dismissal is **required** under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). As one court in this Circuit has succinctly explained: "[M]otions to dismiss pursuant to Rule 12(b)(6) test the validity of the complaint. [And a] claim that is redundant is not necessarily invalid." *Doe v. Corr. Corp. of Am.*, No. 3:15-CV-68, 2015 WL 4067765, at *3 (M.D. Tenn. July 2, 2015) (quoting *Conner v. Borough of Eddystone, Penn.*, No. 2:14-CV-6934, 2015 WL 1021363, at *2 (E.D. Pa. Mar. 6, 2015)).

Here, Plaintiffs have asserted § 1983 and Title IX claims against both: (1) Mr. Schroer and Ms. Corder in their official capacities; and (2) Springboro—Mr. Schroer's and Ms. Corder's public employer. (Doc. 16 at ¶¶ 25–47). From a technical standpoint, it is somewhat redundant for Plaintiffs to have asserted official capacity claims against Mr. Schroer and Ms. Corder **in addition to** direct capacity claims against the Springboro Board of Education. However, the Moving Defendants have not challenged the merits of Plaintiffs' official capacity claims in their Partial Motion to Dismiss. (*See* Doc. 18). And, at this preliminary juncture, the Court declines to hold that redundancy—alone—is a sufficient basis for their dismissal.[3] Accordingly, the Court will deny the Moving

---

[3] The Moving Defendants correctly point out that some Ohio district courts have reached the opposite conclusion. (Doc. 22 at 2–3). But even those courts note that the dismissal of official capacity claims on the basis of redundancy alone is by no means required. *Castleberry*, 2020 WL 3261097, at *2 (confirming that dismissal is not required); *Kunkle*, 2009 WL 10714757, at *5 (same). The Court would also note that at least one unpublished Sixth Circuit decision has suggested (in *dicta*) that the early dismissal of official capacity claims on the basis of redundancy is not preferred. *See Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 635–36 (6th Cir. 2012); *see also Troutman v. Louisville Metro Dep't of Corr.*, No. 3:16-CV-742, 2018 WL 6413201, at *3 (W.D. Ky. Dec. 6, 2018) (analyzing *Baar*).

Defendants' Partial Motion to Dismiss insofar as it seeks the dismissal of Plaintiffs' official capacity claims against Mr. Schroer and Ms. Corder.

### B. Punitive damages request

Next, the Moving Defendants argue that the Court should dismiss Plaintiffs' request for punitive damages, insofar as it seeks punitive damages from, either: (1) Springboro; (2) Mr. Schroer in his official capacity; or (3) Ms. Corder in her official capacity. (*See id.* at 5–6).

In their responsive memoranda, Plaintiffs concede that that they are not entitled to seek punitive damages against any of these entities. (*See* Doc. 21 at 3). Absent any opposition, the Court concludes that it is appropriate to grant the Moving Defendants' Partial Motion to Dismiss insofar as it relates to punitive damages.

## IV. CONCLUSION

Based upon the foregoing, the Partial Motion to Dismiss (Doc. 18) is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiffs' request for punitive damages is **DISMISSED**, insofar as it seeks punitive damages from, either: (1) Springboro; (2) Mr. Schroer in his official capacity; or (3) Ms. Corder in her official capacity;[4] however,

2. The Motion to Dismiss is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Date: 4/15/2021

Timothy S. Black
United States District Judge

---

[4] To be clear, this Order does not prohibit Plaintiffs from seeking punitive damages against either Mr. Schroer or Ms. Corder in their *individual* capacities—if/as appropriate under the law.