**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN AND JANE DOE NO. 1,** | : | **Case No. 1:19-cv-00785** |
| **Individually and as Natural** | : | **(Judge Timothy S. Black)** |
| **Guardians of Child Victim A,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | |
| | : | |
| **JOHN DOE NO. 2,** | : | |
| **Individually and as Natural** | : | |
| **Guardian of Child Victim B,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | **THIRD AMENDED COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| **JOHN AND JANE DOE NO. 3,** | : | |
| **Individually and as Natural** | : | |
| **Guardians of Child Victim C,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | |
| | : | |
| **JOHN DOE NO. 4,** | : | |
| **Individually and as Natural** | : | |
| **Guardian of Child Victim D,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | |
| | : | |
| **JOHN AND JANE DOE NO. 5,** | : | |
| **Individually and as Natural** | : | |
| **Guardians of Child Victim E,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | |
| | : | |
| **JOHN AND JANE DOE NO. 6,** | : | |
| **Individually and as Natural** | : | |
| **Guardians of Child Victim F,** | : | |
| **c/o Angela L. Wallace, Attorney** | : | |
| **119 East Court Street, Suite 500** | : | |
| **Cincinnati, OH  45202,** | : | |

**JANE AND JUNE DOE NO. 7,**            :
**Individually and as Natural**         :
**Guardians of Child Victim G,**        :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :
                                        :
**JOHN AND JANE DOE NO. 8,**            :
**Individually and as Natural**         :
**Guardians of Child Victim H,**        :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :
                                        :
**JOHN AND JANE DOE NO. 9,**            :
**Individually and as Natural**         :
**Guardians of Child Victim I,**        :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :
                                        :
**JOHN AND JANE DOE NO. 10,**           :
**Individually and as Natural**         :
**Guardians of Child Victim J,**        :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :
                                        :
**JANE DOE NO. 11,**                    :
**Individually and as Natural**         :
**Guardian of Child Victim K,**         :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :
                                        :
**JOHN AND JANE DOE NO. 12,**           :
**Individually and as Natural**         :
**Guardians of Child Victim L,**        :
**c/o Angela L. Wallace, Attorney**     :
**119 East Court Street, Suite 500**    :
**Cincinnati, OH  45202,**              :

**JOHN AND JANE DOE NO. 13,** :
**Individually and as Natural** :
**Guardians of Child Victim M,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 14,** :
**Individually and as Natural** :
**Guardians of Child Victim N,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JANE DOE NO. 15,** :
**Individually and as Natural** :
**Guardian of Child Victim O,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 16,** :
**Individually and as Natural** :
**Guardians of Child Victim P,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JANE DOE NO. 17,** :
**Individually and as Natural** :
**Guardian of Child Victim Q,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 18,** :
**Individually and as Natural** :
**Guardians of Child Victim R,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:

3

**JANE DOE NO. 19,** :
**Individually and as Natural** :
**Guardian of Child Victim S,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 20,** :
**Individually and as Natural** :
**Guardians of Child Victim T,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN DOE NO. 21,** :
**Individually and as Natural** :
**Guardian of Child Victim U,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 22,** :
**Individually and as Natural** :
**Guardians of Child Victim V,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 23,** :
**Individually and as Natural** :
**Guardians of Child Victim W,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :
:
**JOHN AND JANE DOE NO. 24,** :
**Individually and as Natural** :
**Guardians of Child Victim X,** :
**c/o Angela L. Wallace, Attorney** :
**119 East Court Street, Suite 500** :
**Cincinnati, OH 45202,** :

4

**JANE DOE NO. 25,**               :
**Individually and as Natural**    :
**Guardian of Child Victim Y,**    :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :
                                   :
**JOHN DOE NO. 26,**               :
**Individually and as Natural**    :
**Guardian of Child Victim Z,**    :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :
                                   :
**JANE DOE NO. 27,**               :
**Individually and as Natural**    :
**Guardian of Child Victim AA,**   :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :
                                   :
**JOHN AND JANE DOE NO. 28,**      :
**Individually and as Natural**    :
**Guardians of Child Victim BB,**  :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :
                                   :
**JOHN AND JANE DOE NO. 29,**      :
**Individually and as Natural**    :
**Guardians of Child Victim CC,**  :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :
                                   :
**JOHN AND JANE DOE NO. 30,**      :
**Individually and as Natural**    :
**Guardians of Child Victim DD,**  :
c/o Angela L. Wallace, Attorney    :
**119 East Court Street, Suite 500** :
**Cincinnati, OH  45202,**         :

**JOHN AND JANE DOE NO. 31,**      :
**Individually and as Natural**      :
**Guardians of Child Victim EE,**    :
**c/o Angela L. Wallace, Attorney**  :
**119 East Court Street, Suite 500**  :
**Cincinnati, OH  45202,**        :
                         :
**JOHN AND JANE DOE NO. 32,**      :
**Individually and as Natural**      :
**Guardians of Child Victim FF,**    :
**c/o Angela L. Wallace, Attorney**  :
**119 East Court Street, Suite 500**  :
**Cincinnati, OH  45202,**        :
                         :
              **Plaintiffs,**    :
                         :
                         :
     **-vs-**                :
                         :
**SPRINGBORO COMMUNITY**    :
**CITY SCHOOL DISTRICT**       :
**BOARD OF EDUCATION**        :
**1685 S. Main Street**           :
**Springboro, OH  45066,**       :
                         :
        **and**              :
                         :
**DANIEL SCHROER,**          :
**13942 Friend Road**          :
**Germantown, OH  45327,**      :
                         :
        **and**              :
                         :
**CARRIE CORDER,**          :
**750 S. Main Street**          :
**Springboro, OH  45066,**       :
                         :
        **and**              :
                         :
**JOHN AUSTIN HOPKINS,**     :
**3167 Patrick Court**          :
**Franklin, OH  45005,**        :
                         :
              **Defendants.**   :

Plaintiffs, by and through their counsel, bring this complaint against the named defendants, stating as follows:

## THE PARTIES

1.      Plaintiffs are the parents and natural guardians of female first-grade students that attended Clearcreek Elementary during the 2018-2019 school year, referred collectively as Child Victims and individually as Child Victim A through X.  Plaintiffs wish to proceed pseudonymously, as each of their minor children is a victim of child sexual abuse. Disclosure of Plaintiff's identities would reveal information of the utmost intimacy.  The identities of the parties have been or will be confidentially disclosed to the Defendants or their counsel under an agreed-upon protective order.

2.      Defendant Springboro Community City School District Board of Education ("Springboro") is the body politic of Springboro Community City School District, a public school district located in Warren County, Ohio.  Clearcreek Elementary, a K-1 elementary school, is a public school within Springboro.

3.      Defendant Daniel Schroer ("Schroer") is the former Superintendent of Springboro.  Schroer held that role when Defendant John Austin Hopkins ("Hopkins") was hired, and he continued in that role throughout Hopkins' employment with Springboro. Schroer was placed on paid administrative leave on August 16, 2019 and tendered his resignation on August 30, 2019.

4.      Defendant Carrie Corder ("Corder") is Principal of Clearcreek Elementary and held that role during the entire 2018-2019 school year.  Corder was Hopkins' direct supervisor.

5.     Defendant Hopkins was employed by Springboro as the physical education teacher at Clearcreek Elementary and the physical education/health teacher at Springboro Intermediate School.

## JURISDICTION AND VENUE

6.     This Court's jurisdiction rests on 28 U.S.C. §1331 and 28 U.S.C. §1367. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all allegations giving rise to this complaint occurred in Warren County, Ohio.

## FACTUAL ALLEGATIONS

7.     Springboro employed John Austin Hopkins as its physical education teacher at Clearcreek Elementary and Springboro Intermediate School during the 2018-2019 school year, until Hopkins' letter of resignation was accepted by Springboro on March 13, 2019. Springboro also employed Hopkins as its long-term substitute physical education teacher at Clearcreek Elementary during the 2017-2018 school year.

8.     Springboro appointed a hiring committee to hire for the position for which Hopkins was eventually hired.  Due to Hopkins' relationships with teachers and former administration of Springboro, Schroer directed the hiring committee to hire Hopkins irrespective of his qualifications or background.

9.     During the 2018-2019 school year, with knowledge of Springboro administration, including Schroer and Corder, Hopkins kept the door to the gymnasium locked during classes, which prevented access by Springboro personnel.  With knowledge of Springboro administration, including Schroer and Corder, Hopkins installed a doorbell on the exterior of the gymnasium door to alert him when any Springboro personnel wanted to access the gymnasium.

10.     Hopkins engaged in "sexual contact" with each of the Child Victims, as that term is defined by R.C. 2907.01(B).  Many children were subjected to repeated sexual contact by Hopkins.

11.     Security cameras installed by and operated by Springboro recorded more than one hundred instances of sexual contact by Hopkins between December 2018 and March 2019.  Springboro still holds copies of these recordings.

12.     Some Child Victims were subjected to sexual contact by Hopkins before December 2018.  These instances of sexual contact are believed to have been recorded by security cameras, but no video proof of those instances remain as Springboro purports to have destroyed all security camera footage recorded before December 2018.

13.     The criminal conduct of Hopkins was not limited to the 2018-2019 school year.  Rather, Hopkins' criminal conduct began during the 2017-2018 school year, when Hopkins was a long-term substitute at Clearcreek Elementary and before he was hired as a teacher.

14.     In March 2019, Springboro Police Department individually contacted each of the Plaintiffs and revealed that his or her children were part of a group of 88 children subjected to inappropriate sexual contact by Hopkins at some time between December 2018 and March 2019.

15.     On June 17, 2019, a Warren County, Ohio grand jury indicted Hopkins on 36 counts of gross sexual imposition for the actions that serve as the basis of this complaint. *See State v. Hopkins*, Warren County Common Pleas Case No. 19CR035620.

16.　　To gain an understanding of the severity and scope of the sexual contact by Hopkins and to ensure that his or her child receives proper medical treatment, each Plaintiff requested access to any security camera footage that relates to his or her daughter.

17.　　The security camera video footage is an "education record" under the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g(a)(4), to which parents have a right to access.  In violation of FERPA, Springboro has refused to allow any parent to access, view, or receive a copy of the video footage related to his or her daughter.

## FIRST CLAIM FOR RELIEF
### 20 U.S.C. §1681

18.　　Plaintiffs incorporate the allegations of Paragraphs 1-17 of the Complaint as if fully restated herein.

19.　　Plaintiffs bring this claim for relief against Defendants Springboro, and Defendants Schroer, Corder, and Hopkins, in their official capacities, under 20 U.S.C. §1681.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

20.　　Defendants Springboro, Schroer, Corder, and Hopkins, acting under color of state law, deprived Child Victims of their rights under Title IX of the Education Amendments of 1972 ("Title IX").

21.　　Title IX, 20 U.S.C. §1681, *et seq.*, provides that no person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity received federal financial assistance.

22.　　Sexual harassment is a form of discrimination for purposes of Title IX, and Title IX proscribes harassment with sufficient clarity to serve as a basis for a damages action.  An implied private right of action exists under Title IX and money damages are available in such suits.

23.     Springboro is a recipient of federal education funding.

24.     Defendants Springboro, Schroer, and Corder were in control and possession of Clearcreek Elementary and were fully responsible for the hiring and supervision of the employees and teachers working therein.

25.     Schroer, as Superintendent of Springboro for all times relevant to this Complaint, was an appropriate official of the school district who, at a minimum, had the authority and responsibility to create and maintain a safe and non-discriminatory environment and institute corrective measures on behalf of the Child Victims.

26.     Corder, as Principal of Clearcreek Elementary for all times relevant to this Complaint, was an appropriate official of the school district who, at a minimum, had the authority and responsibility to create and maintain a safe and non-discriminatory environment and authority to institute corrective measures on behalf of the Child Victims.

27.     Defendants Springboro, Schroer, and Corder did recklessly and with wanton disregard for the safety of Child Victims, and those similarly situated, fail to maintain, provide and otherwise ensure a safe area for the Child Victims to attend school, by vicariously causing and allowing the Child Victims to be sexually assaulted, inappropriately touched, and otherwise abused by Defendant Hopkins, a teacher in their employ, working on their behalf, and otherwise hired, retained, supervised, and approved by these Defendants.

28.     Schroer and/or Corder had, or should have had, actual knowledge of Hopkins' sexual harassment of the Child Victims and their actions or failures to act amount to deliberate indifference.

11

29.     Hopkins' sexual harassment of the Child Victims was so severe, pervasive and objectively offensive that the Child Victims were deprived of their constitutional right to a safe learning environment, free from harassment, and the education opportunities or benefits provided by the school.

30.     As a direct and proximate result of the actions of the Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

<u>SECOND CLAIM FOR RELIEF</u>
**42 U.S.C. §1983**

31.     Plaintiffs incorporate the allegations of Paragraphs 1-30 of the Complaint as if fully restated herein.

32.     Plaintiffs bring this claim for relief against Defendants Springboro, and against Defendants Schroer, Corder, and Hopkins, in their official and individual capacities, under 42 U.S.C. §1983.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

33.     The Child Victims are school children and have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

34.     The policies and practices of Springboro, Schroer, and Corder allowed Hopkins to lock the gymnasium door at Clearcreek Elementary during the school day, which prevented access to the gymnasium by school personnel.

35.     The policies and practices of Springboro, Schroer, and Corder also allowed the installation of a doorbell by Hopkins on the exterior of the gymnasium door to alert Hopkins to the presence of another adult.

36.     The policies and practices of Springboro, Schroer, and Corder failed to provide statutorily-mandated education or training to its employees on the subject of child sexual abuse awareness, identification, and prevention.

37.     The policies and practices of Defendants reflect a deliberate indifference to the safety and well-being of the Child Victims.

38.     As a direct result of the policies and practices of Defendants, the constitutional rights of the Child Victims have been violated, including, but not limited to, the rights of the Child Victims under the Due Process Clause of the Fourteenth Amendment, which protects against unjustified intrusions on personal security.

39.     Defendants knew, or should have known, of the inappropriate sexual behavior of Hopkins, which violates the Constitutional rights of the Child Victims.

40.      As a direct and proximate result of the actions of the Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Reckless Supervision/Failure to Monitor, Discover, and Report**

41.     Plaintiffs incorporate the allegations of Paragraphs 1-40 of the Complaint as if fully restated herein.

42.     Plaintiffs bring this claim for relief against Defendant Corder under O.R.C. 2151.421 and Ohio common law.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

43.     The Child Victims are minor students in a school operated by Defendants. Springboro has the sole care of the children of Plaintiffs during the entirety of the school day.

44.     At all times relevant to this Complaint, Defendant Corder was responsible for the supervision of Hopkins.

45.     At all times relevant to this Complaint, Defendant Corder was a school official, employee, or authority as described by O.R.C. 2151.421.

46.     Defendant Corder acted with a malicious purpose, in bad faith, or in a wanton and reckless manner in failing to monitor, discover, and report Hopkins' inappropriate and illegal sexual conduct.

47.     Defendant Corder knew, or should have known, of Hopkins' inappropriate and illegal sexual conduct.  By failing to report Hopkins' inappropriate and illegal sexual conduct, Defendant Corder has breached the duties imposed by O.R.C. 2151.421.

48.     As a direct and proximate result of the actions of the Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
**Assault and Battery**

49.     Plaintiffs incorporate the allegations of Paragraphs 1-48 of the Complaint as if fully restated herein.

50.     Plaintiffs bring this claim for relief against Defendant Hopkins under Ohio common law.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

51.     Defendant Hopkins assaulted and committed battery against the Child Victims.

52.     The actions of Defendant Hopkins have caused physical and mental injury to the Child Victims, their natural or legal guardians, and those similarly situated.  As a result of the actions of Defendant Hopkins, the Child Victims, their natural or legal guardians, and

those similarly situated has sustained severe personal injuries, have and will be prevented from attending to their normal affairs, and have incurred medical and other expenses

53.     As a direct and proximate result of the actions of Hopkins, Plaintiffs have been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

54.     Plaintiffs incorporate the allegations of Paragraphs 1-53 of the Complaint as if fully restated herein.

55.     Plaintiffs bring this claim for relief against Defendant Hopkins under Ohio common law.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

56.     The conduct of Defendant Hopkins, described above, is outrageous and has caused severe physical and emotional distress to the Child Victims and the natural and legal guardians of the Child Victims.

57.     As a direct and proximate result of the actions of Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Injunctive Relief

58.     Plaintiffs incorporate the allegations of Paragraphs 1-57 of the Complaint as if fully restated herein.

59.     Plaintiffs bring this claim for relief against Defendant Springboro under O.R.C. 3319.073 and O.R.C. 2721, *et seq*.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

60.     O.R.C. 3319.073 requires the Board of Education of each school district, including Springboro, to develop or adopt curriculum for purposes of training all staff in the prevention of child abuse.

61.     Springboro has failed to properly train its staff on the identification and prevention of child abuse.  As a direct result of Springboro's failure, Hopkins' conduct was allowed to continue for more than twelve months.

62.     Plaintiffs seek injunctive relief, ordering Springboro to develop and/or adopt an appropriate curriculum that provides sufficient training to its staff on the identification and prevention of child abuse.

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against each of the Defendants as follows:

A.  Certifying the class, described above;

B.  Awarding compensatory damages to Plaintiffs in an amount to be proven at trial;

C.  Awarding punitive damages to Plaintiffs;

D.  Requiring Defendants to develop or adopt curriculum for purposes of training all staff in the identification and prevention of child abuse;

E.  Awarding the Plaintiffs their attorney fees and expenses; and

F.  Awarding all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Angela L. Wallace
Angela L. Wallace (#0080771)
David S. Blessing (#0078509)
William H. Blessing (#0006848)
Blessing & Wallace Law, LLC
119 East Court Street, Suite 500
Cincinnati, OH 45202
Telephone: (513) 621-9191
Fax: (513) 621-7086
Email: angie@blessingwallacelaw.com
david@blessingwallacelaw.com
bill@blessing-attorneys.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues properly tried to a jury.

/s/ Angela L. Wallace

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed with the Court's CM/ECF system,

which will provide notice to all counsel of record. I further certify that a copy of this

document was served via regular mail upon

John Austin Hopkins
#A776241
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43302

this 30th day of July, 2021.

/s/ Angela L. Wallace

17