# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOES NO. 1, Individually and as Natural Guardians of Child Victim A, *et al.*, | : : : | Case No. 1:19-cv-785 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT, *et al.*, | : : : | |
| Defendants. | : : | |
| JOHN AND JANE DOES NO. 1, Individually and as Natural Guardians of Child Victim, | : : : | Case No. 1:21-cv-623 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| SPRINGBORO COMMUNITY CITY SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | : : : : | |
| Defendants. | : | |

## ORDER DENYING SCHOOL DEFENDANTS' MOTION TO CONSOLIDATE

This civil case is before the Court on a motion to consolidate by Defendants

Springboro Community City School District Board of Education, Daniel Schroer, and

Carrie Corder (the "School Defendants") (Doc. 39),[1] and the parties' responsive memoranda (Docs. 40 and 42). For the reasons below, the Court **DENIES** the motion.

## I. BACKGROUND

These cases arise from the same tragic events at Clearcreek Elementary School. Starting in 2017 through the 2018–2019 school year, Defendant John Austin Hopkins sexually abused more than two dozen underaged girls while he was a physical education teacher at Clearcreek. In March 2020, Hopkins was convicted of 34 counts of gross sexual imposition and later sentenced to eight years in prison.

In September 2019, parents of 22 of the child victims filed the first lawsuit against Defendant Hopkins and the School Defendants in this Court. The Court docketed the as case number 1:21-cv-623 and will refer to it here as *Springboro I*. The parties have litigated *Springboro I* vigorously. The Court has resolved several motions, including two motions to dismiss. (Docs. 15, 23). Finally, in July 2021, the Court entered a Calendar Order giving the parties just more than eight months to conduct discovery into Defendants' liability. (Doc. 34). The parties had been working diligently toward an April 15, 2022, discovery cutoff. They exchanged written discovery, Plaintiffs have taken five depositions, and the parties had planned additional depositions for December. (Doc. 40). That progress has now stalled. *Id.*

---

[1] Document numbers refer to docket entries in the leading case, *Doe, et al. v. Springboro Comm. Sch. Dist., et al.*, 1:19-cv-785. Defendants filed an identical motion in the related case. Defs.' Motion to Consolidate Cases, *Doe v. Springboro Comm. Sch. Dist., et al.*, No. 21-cv-623, (Doc. 6). Plaintiffs in that case have not responded to the motion to consolidate.

In September 2021, parents of another child victim came forward. Rather than join *Springboro I*, the new plaintiffs filed a separate lawsuit as they were entitled to do. The Court docketed the new case at 1:21-cv-623 and will refer to it here as *Springboro II*. *Springboro II* alleges identical facts and claims against the same defendants as in *Springboro I*, and presents an additional claim for negligent hiring, supervision, and retention and does not seek punitive damages. (*Springboro II*, No. 21-cv-623, (Doc. 1)). *Springboro II* has not exited the pleading stage. Plaintiffs completed service on December 17, 2021, and School Defendants' answers are not due until February 14, 2022. In the interim, School Defendants filed the instant motion to consolidate in both *Springboro I and II*.[2]

## II. STANDARD OF REVIEW

When multiple actions involve a common question of law or fact, a Court has discretion to: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). District courts have broad discretion when determining if consolidation is appropriate. *Stemler v. Burke,* 344 F.2d 393, 396 (6th Cir. 1965). But courts should ensure "that consolidation does not result in unavoidable prejudice or unfair advantage," *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The goal of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir.

---

[2] Plaintiffs in *Springboro II* have not responded to the motion so there is no indication on the record as to why the *Springboro II* plaintiffs chose to file separately two years after *Springboro I*.

3

1992). To that end, courts consider the following factors when deciding whether to consolidate cases:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 99 F.2d at 1011. Thus, consolidation is "not justified or required simply because the actions include a common question of fact or law." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011). Balancing these factors, courts routinely decline to consolidate cases that are "not in similar stages of development." *Borden v. Coll.*, No. 1:16-CV-519, 2016 WL 5791649, at *2 (S.D. Ohio Oct. 4, 2016); *LSP Techs., Inc. v. Metal Imp. Co. LLC*, No. 2:10-CV-00526, 2010 WL 3447834, at *3 (S.D. Ohio Aug. 30, 2010); *United States v. Vasi*, No. 5:90 CV 1167, 1991 WL 557609, at *2 (N.D. Ohio Mar. 6, 1991) ("the two cases do not really involve common questions of law and fact since they are at entirely different stages of development"); *See also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."); *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) (denying consolidation where cases with common questions of law and fact were at different stages of litigation).

## III. ANALYSIS

*Springboro I and II* are nearly identical. They involve identical defendants and similarly situated plaintiffs. Except for one additional claim in *Springboro II*, the complaints contain the same causes of action and request the same relief. Thus, *Springboro I* and *II* do share common questions of law and fact.[3] But these cases are at very different stages of litigation. Plaintiffs in *Springboro I* are off to the races. They have litigated two motions to dismiss, honed their pleadings, and embarked on an aggressive discovery schedule. Plaintiffs in *Springboro II*, however, are just starting out. They accomplished service only recently. And their complaint presents an additional cause of action for negligent hiring, supervision, and retention. School Defendants are free to test the sufficiency of this new claim (or, indeed, any claim) in a motion to dismiss which would delay discovery for a few months at least. That is not the case in *Springboro I*, where the cutoff for motions directed at the pleadings was August 13, 2021.

The Court concludes that keeping the cases separate best serves the interests of judicial economy and expediency. Consolidating the cases in their entirety, at this stage, would tie a racehorse to a foal. The Court is unwilling to delay progress any longer in *Springboro I*. Already, four years have passed since the earliest events pertinent to this lawsuit. Depositions need to happen. Delaying them prejudices Plaintiffs' ability to

---

[3] The Court notes, however, that at least one district court in this circuit has concluded that "two cases do not really involve common questions of law and fact" where "they are at entirely different stages of development." *United States v. Vasi*, No. 5:90 CV 1167, 1991 WL 557609, at *2 (N.D. Ohio Mar. 6, 1991).

secure full and accurate testimony reflecting events from 2018 and earlier. Further delay would also "prejudice [the *Springboro I* plaintiffs] in the form of continuing legal expenses and prolonged uncertainty." *LSP Techs., Inc*, 2010 WL 3447834, at *3.

Weighed against the risk of prejudice, School Defendants raise concerns about "duplicative discovery," "depositions for the same factual and legal issues," and the added cost "if multiple trials are required." (Doc. 39). These concerns are important, but complete consolidation is a tool too blunt to address them. To the Court's knowledge, the parties have not yet attempted to coordinate discovery on their own. They should. If the parties find there are *specific* matters that the Court should resolve in both cases simultaneously, the Court may join those matters for hearing or trial. Fed. R. Civ. P. 42(a)(2). The parties may also ask the Court to "issue any other orders to avoid unnecessary cost or delay," including an order incorporating discovery from one case into the other. *Id.* at 42(a)(3).

Finally, the Court finds the risk of inconsistent adjudication is minimal. Both cases are before this Court. *Borden*, 2016 WL 5791649, at *2 (no risk of inconsistent adjudication where both cases were assigned to the same judge). Should either case proceed to trial, the Court can take steps to ensure the cases are decided consistently at that time. Right now, however, the risk of prejudice by further delaying discovery in *Springboro I* outweighs the "value of time and effort saved by consolidation." *State of Ohio ex rel Montgomery v. Louis Trauth Dairy, Inc., et al.,* 163 F.R.D. 500, 503 (S.D. Ohio 1995).

6

## IV. CONCLUSION

Based upon the foregoing, the School Defendants' motion to consolidate (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

Date: 1/25/2022                                    *s/Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge